August Nilson et al. v. Home B. & L. Ass'n et al.

1. Bill to Redeem—*Necessary Averments.*—A bill by a judgment creditor to redeem premises from a foreclosure sale should aver how or in what manner he became a judgment creditor, for what amount, in what court, and show that he is the owner of the equity of redemption.

Bill to Redeem.—Appeal from the Circuit Court of Winnebago County; the Hon. Russell P. Goodwin, Judge, presiding. Heard in this court at the May term, 1899. Affirmed. Opinion filed October 12, 1899.

B. A. Knight and R. Rew, attorneys for appellants.

Wm. & E. P. Lathrop, attorneys for appellees.

Mr. Presiding Judge Crabtree delivered the opinion of the court.

This was a bill in equity, filed by appellants, August Nilson and Mathilda Landquist, against the Home Building and Loan Association and Mrs. R. W. Poole, appellees, for the purpose of obtaining a right to redeem certain premises from a foreclosure sale, made in the suit wherein the Building and Loan Association were complainants and Pontus Haegg et al. were defendants. By an amendment to the bill, E. H. Marsh, master in chancery, was made a party defendant, and there was a prayer for an injunction against him. The bill avers that Nilson is a judgment creditor of Mathilda Landquist, but how or in what manner he became a judgment creditor, for what amount, or in what court, whether before a justice of the peace or in a court of record, is nowhere stated or set forth. We think these were material facts, which should have been averred in such terms that the court could see from the bill that his right to have the premises sold to satisfy his judgment existed, if it does exist.

Again, we find nothing in the bill to show that Mrs. Landquist was the owner of the equity of redemption; it is

nowhere so averred, and it is only by inference or by guessing, that such a fact, if it be a fact, can be ascertained.

The bill was clearly defective in failing to set forth these matters in certain and explicit terms.    Mrs. Poole filed a demurrer to the bill, which demurrer was sustained and the bill dismissed for want of equity.    We think the bill was clearly demurrable for want of proper and necessary averments.    It did not show that either Nilson or Landquist had any right to redeem.    Had the bill contained proper averments as to these points, we think it otherwise stated facts which would warrant the interposition of a court of equity; but as it was submitted to the court, we think nothing else could be done except to sustain the demurrer and dismiss the bill.    The decree of the Circuit Court will be affirmed.